SHAIRA SITHIAN
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
Fax: (212) 319-4090
shairasithian@paulhastings.com

STEPHEN L. BERRY (*pro hac vice*)
PAUL HASTINGS LLP
695 Town Center Drive
Seventeenth Floor
Costa Mesa, CA 92626
Telephone: (714) 668-6200
Fax: (714) 979-1921
stephenberry@paulhastings.com

*Attorneys for Defendant*
ACTAVIS PHARMA, INC.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEEPA DESAI,<br><br>                              Plaintiff,<br><br>             - vs.-<br><br>ACTAVIS PHARMA, INC.,<br><br>                              Defendant. | CIVIL ACTION NO.:<br>16-cv-03345-SDW-LDW<br><br><br>Date:      June 30, 2016<br>Judge:    Susan D. Wigenton |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Actavis Pharma, Inc. ("Defendant"), by its attorneys, Paul Hastings LLP,

answers the amended complaint ("Complaint") filed against it by plaintiff Deepa Desai

("Plaintiff" or "Desai"), as follows:

1.      Answering the unnumbered introductory Paragraph, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and on that basis denies, generally and specifically, each and every allegation contained therein.

2.      Answering Paragraph 1, on information and belief, Defendant admits the allegations contained therein.

3.      Answering Paragraph 2, Defendant admits the allegations contained therein.

4.      Answering Paragraph 3, Defendant admits that it employed Plaintiff from approximately October 1, 2013 until June 4, 2015.  Except as hereinbefore admitted, Defendant denies, generally and specifically, each and every allegation contained therein.

5.      Answering Paragraph 4, Defendant admits that it employed Plaintiff from approximately October 1, 2013 until June 4, 2015.  Except as hereinbefore admitted, Defendant denies, generally and specifically, each and every allegation contained therein.

6.      Answering Paragraph 5, on information and belief, Defendant admits the allegations contained therein.

7.      Answering Paragraph 6, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and on that basis denies, generally and specifically, each and every allegation contained therein.

8.      Answering Paragraph 7, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and on that basis denies, generally and specifically, each and every allegation contained therein.

9.      Answering Paragraph 8, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and on that basis denies, generally and specifically, each and every allegation contained therein.

10.      Answering Paragraph 9, Defendant admits that Plaintiff was retained and worked for Defendant after September 30, 2014.  Except as hereinbefore admitted, Defendant denies, generally and specifically, each and every allegation contained therein.

11.      Answering Paragraph 10, Defendant denies, generally and specifically, each and every allegation contained therein.

12.      Answering Paragraph 11, Defendant denies, generally and specifically, each and every allegation in this Paragraph.

13.      Answering Paragraph 12, Defendant admits that Plaintiff was a Director within the Regulatory Affairs Department.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph and on that basis denies, generally and specifically, each and every remaining allegation contained therein.

14.      Answering Paragraph 13, Defendant denies, generally and specifically, each and every allegation contained therein.

15.     Answering Paragraph 14, Defendant admits that Plaintiff became part of a group in the R&D Regulatory Affairs Department, for which Nancy Konnerth was an Executive Director, Regulatory Affairs Advertising/Labeling.  Except as hereinbefore admitted, Defendant denies, generally and specifically, each and every allegation contained therein.

16.     Answering Paragraph 15, Defendant denies, generally and specifically, each and every allegation contained therein.

17.     Answering Paragraph 16, the allegations contained therein are legal contentions to which no response is required.

18.     Answering Paragraph 17, Defendant denies, generally and specifically, each and every allegation contained therein.

19.     Answering Paragraph 18, Defendant denies, generally and specifically, each and every allegation contained therein.

20.     Answering Paragraph 19, Defendant denies, generally and specifically, each and every allegation contained therein.

21.     Answering Paragraph 20, Defendant denies, generally and specifically, each and every allegation contained therein.

22.     Answering Paragraph 21, Defendant denies, generally and specifically, each and every allegation contained therein.

23.     Answering Paragraph 22, Defendant denies, generally and specifically, each and every allegation contained therein.

24.     Answering Paragraph 23, Defendant denies, generally and specifically, each and every allegation contained therein.

25.     Answering Paragraph 24, Defendant admits that Plaintiff received a performance review for 2014 with a calculated rating of 3.7, presented as "4.0 - exceeds expectations." Except as hereinbefore admitted, Defendant denies, generally and specifically, each and every allegation contained therein.

26.     Answering Paragraph 25, Defendant admits that Plaintiff received a performance review for 2014 with a calculated rating of 3.7, presented as "4.0 - exceeds expectations," and that it was presented in or about April 2015.  Except as hereinbefore admitted, Defendant denies, generally and specifically, each and every allegation contained therein.

27.     Answering Paragraph 26, Defendant admits that on April 2, 2015, Plaintiff was informed that she would be laid off as a result of a restructuring.  Except as hereinbefore admitted, Defendant denies, generally and specifically, each and every allegation contained therein.

28.     Answering Paragraph 27, Defendant denies, generally and specifically, each and every allegation contained therein.

29.     Answering Paragraph 28, Defendant admits that the Separation Agreement and Release document that Defendant provided to Plaintiff did not provide for accelerated vesting of

all of Plaintiff's unvested equity awards.  Except as hereinbefore admitted, Defendant denies, generally and specifically, each and every allegation contained therein.

30.     Answering Paragraph 29, Defendant admits that Plaintiff received a performance review for 2014 with a calculated rating of 3.7, presented as "4.0 - exceeds expectations," and that it was presented in or about April 2015, and that she was notified of her layoff in April 2015. Except as hereinbefore admitted, Defendant denies, generally and specifically, each and every allegation contained therein.

31.     Answering Paragraph 30, Defendant realleges and incorporates by reference its above responses to Paragraphs 1 through 29 as though fully set forth herein.

32.     Answering Paragraph 31, the allegations contained therein are legal contentions to which no response is required.

33.     Answering Paragraph 32, the allegations contained therein are legal contentions to which no response is required.

34.     Answering Paragraph 33, Defendant denies, generally and specifically, each and every allegation contained therein.

35.     Answering Paragraph 34, Defendant denies, generally and specifically, each and every allegation contained therein.

36.     Answering Paragraph 35, Defendant denies, generally and specifically, each and every allegation contained therein.

37.     Answering Paragraph 36, Defendant denies, generally and specifically, each and every allegation contained therein.

38.     Answering Paragraph 37, Defendant denies, generally and specifically, each and every allegation contained therein.

39.     Answering Paragraph 38, Defendant realleges and incorporates by reference its above responses to Paragraphs 1 through 37 as though fully set forth herein.

40.     Answering Paragraph 39, Defendant denies, generally and specifically, each and every allegation contained therein.

41.     Answering Paragraph 40, Defendant admits that Plaintiff was employed by Defendant after September 30, 2014.  Except as hereinbefore admitted, Defendant denies, generally and specifically, each and every allegation contained therein.

42.     Answering Paragraph 41, Defendant denies, generally and specifically, each and every allegation contained therein.

43.     Answering Paragraph 42, Defendant denies, generally and specifically, each and every allegation contained therein.

44.     Answering Paragraph 43, the allegations contained therein are legal contentions to which no response is required.

45.     Answering Paragraph 44, Defendant denies, generally and specifically, each and every allegation contained therein.

46.     Answering Paragraph 45, Defendant realleges and incorporates by reference its above responses to Paragraphs 1 through 44 as though fully set forth herein.

47.     Answering Paragraph 46, the allegations contained therein are legal contentions to which no response is required.

48.     Answering Paragraph 47, Defendant denies, generally and specifically, each and every allegation contained therein.

49.     Answering Paragraph 48, Defendant denies, generally and specifically, each and every allegation contained therein.

50.     Answering Paragraph 49, Defendant denies, generally and specifically, each and every allegation contained therein.

51.     Responding to the Prayer for Relief in the "WHEREFORE" paragraph of Count One of the Complaint, Defendant denies, generally and specifically, that Plaintiff has been or will be injured or damaged in any sum or at all, by reason of any act or omission of Defendant or any officer, agent or employee of Defendant acting within the course and scope of their employment.  Defendant further denies, generally and specifically, that Plaintiff is entitled to any of the forms of relief sought, including punitive damages and/or attorneys' fees.

52.     Responding to the Prayer for Relief in the "WHEREFORE" paragraph of Count Two of the Complaint, Defendant denies, generally and specifically, that Plaintiff has been or will be injured or damaged in any sum or at all, by reason of any act or omission of Defendant or any officer, agent or employee of Defendant acting within the course and scope of their

employment.  Defendant further denies, generally and specifically, that Plaintiff is entitled to any of the forms of relief sought, including punitive damages and/or attorneys' fees.

53.     Responding to the Prayer for Relief in the "WHEREFORE" paragraph of Count Three of the Complaint, Defendant denies, generally and specifically, that Plaintiff has been or will be injured or damaged in any sum or at all, by reason of any act or omission of Defendant or any officer, agent or employee of Defendant acting within the course and scope of their employment.  Defendant further denies, generally and specifically, that Plaintiff is entitled to any of the forms of relief sought, including punitive damages and/or attorneys' fees.

## AFFIRMATIVE DEFENSES

Without admitting any facts alleged by Plaintiff, Defendant also pleads the following separate and affirmative defenses to the Complaint:

## ERISA-RELATED DEFENSES

### FIRST SEPARATE AND AFFIRMATIVE DEFENSE

1.     The second and third counts of the Complaint, in whole or in part, are completely preempted and barred by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq*., because, at all times relevant to the Complaint, the severance benefits alleged to be owed to plaintiff were exclusively created, governed and funded by an employee welfare benefit plan within the meaning of ERISA section 3(1), (29 U.S.C. § 1002(1)), and therefore all rights and obligations with respect to those benefits must be decided exclusively under ERISA and not the laws invoked by Plaintiff in the Complaint.

## SECOND SEPARATE AND AFFIRMATIVE DEFENSE

2.      The second and third counts of the Complaint are barred by Plaintiff's failure to exhaust the administrative and/or plan remedies under the employee welfare benefit plan that governed the severance benefits she seeks in this action.

## **ADDITIONAL DEFENSES**

Without waiving the preceding Affirmative Defenses based on ERISA, or admitting that New Jersey state law applies to the resolution of Counts Two and Three of the Complaint, and solely for the purpose of reserving all other defenses to the Complaint, Defendant also raises the following defenses (some of which would apply regardless of whether ERISA or state law applied to the resolution of this matter):

## THIRD SEPARATE AND AFFIRMATIVE DEFENSE

3.      The Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action.

## FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

4.      The first count of the Complaint is barred, in whole or in part, because all of Defendant's actions with respect to Plaintiff were taken solely for legitimate, non-retaliatory, business-related reasons.

## FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

5.      Defendant did not commit any acts or omissions alleged in the first count of the Complaint for retaliatory reasons, but assuming that it did, such acts would have been taken and

omissions would have occurred in any event for legitimate, non-discriminatory, non-retaliatory reasons.

### SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

6.      Plaintiff is estopped from pursuing the claims in the Complaint, and each purported cause of action contained therein, by reason of Plaintiff's own actions and course of conduct.

### SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

7.      To the extent Plaintiff's Complaint seeks any category of damages and/or attorneys' fees that are not available in connection with that cause of action, the claim is barred.

### EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

8.      Plaintiff is barred from recovering monetary damages to the extent she failed to mitigate or reasonably to attempt to mitigate her damages, if any, as required by law.

### NINTH SEPARATE AND AFFIRMATIVE DEFENSE

9.      The Complaint and each of its causes of action are barred because any recovery from Defendant would result in unjust enrichment.

### TENTH SEPARATE AND AFFIRMATIVE DEFENSE

10.      Plaintiff's third purported count for breach of the implied covenant of good faith and fair dealing fails because it merely duplicates the second count for breach of contract.

<u>ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

11.     Plaintiff is not entitled to recover any punitive or exemplary damages, and any allegations with respect thereto should be stricken as to Defendant did not act in wanton and willful disregard of Plaintiff's rights.

WHEREFORE, Defendant prays for judgment as follows:

1.      That Plaintiff take nothing by reason of her Complaint, that the Complaint be dismissed in its entirety with prejudice, and that judgment be entered for Defendant;

2.      That Defendant be awarded its reasonable costs and attorneys' fees; and

3.      That Defendant be awarded such other and further relief as the Court deems just and proper.

Respectfully Submitted,


By:     */s/ Shaira Sithian*
         Shaira Sithian, Esq.
         PAUL HASTINGS LLP
         200 Park Avenue
         New York, New York 10166
         Telephone:  (212) 318-6000
         Fax: (212) 319-4090

         STEPHEN BERRY (*pro hac vice*)
         PAUL HASTINGS LLP
         695 Town Center Drive
         Seventeenth Floor
         Costa Mesa, CA 92626
         Telephone: (714) 668-6200
         Fax: (714) 979-1921
         stephenberry@paulhastings.com

         *Attorneys for Defendant*
         ACTAVIS PHARMA, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2016, a copy of the foregoing Answer and Affirmative Defenses was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Additionally a courtesy copy was mailed to the Court at the following:

Honorable Susan D. Wigenton
Martin Luther King Building & U.S. Courthouse
50 Walnut Street Room 4015
Newark, NJ 07101

_____ /s/ Shaira Sithian _____
Shaira Sithian